UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER REMINGTON
LAWRENCE,

        Petitioner,

v.

GREGORY L. SKIPPER,

        Respondent.
                               /

Case No. 2:18-cv-11120

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY AND ABEY HABEAS
PETITION [8] AND GRANTING RESPONDENT'S MOTION
FOR LEAVE TO FILE RESPONSIVE PLEADING *INSTANTER* [9]**

On April 9, 2018, Petitioner Christopher Remington Lawrence filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. The petition challenges Petitioner's convictions and sentences for: (1) assault with intent to commit murder, Mich. Comp. Laws § 750.83, (2) discharge of a firearm from a motor vehicle, causing physical injury, Mich. Comp. Laws § 750.234a(1)(b), (3) carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, (4) carrying a concealed weapon, Mich. Comp. Laws § 750.227, and (5) possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. *See id.*; ECF 10, PgID 70–71.

Petitioner alleges that he is entitled to the writ of habeas corpus because (1) the evidence at trial was insufficient to support his assault conviction and (2) the trial court erred when scoring offense variables three and twelve of the Michigan

1

sentencing guidelines. See ECF 1, PgID 5. The trial court sentenced Petitioner to a term of eighteen to thirty years in prison for the assault and to lesser terms for the remaining convictions. *Id.* at 3. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished decision, *see People v. Lawrence*, No. 330762, 2017 WL 2664788 (Mich. Ct. App. June 20, 2017), and on January 3, 2018, the Michigan Supreme Court denied leave to appeal. *See People v. Lawrence*, 501 Mich. 951 (2018) (table).

On October 9, 2018, Petitioner filed a motion to stay this case and to hold the petition in abeyance while he exhausts state remedies for three new claims. ECF 8. The new claims assert that Petitioner was denied his rights to (1) counsel of his choice, (2) presentation of a critical defense witness at trial, and (3) effective assistance of counsel at trial and on appeal. *Id.* at 56. Because Petitioner did not include the claims he now seeks to exhaust in his petition, the Court treats Petitioner's motion to stay as a motion to amend his petition to add the new claims and then to stay the proceeding to exhaust the new claims.

Also pending before the Court is Respondent's motion for leave to file its answer *instanter*. Respondent filed its answer on October 16, 2018. ECF 10. Respondent argues that Petitioner's first claim is meritless and that his second claim is both meritless and not cognizable on habeas review. *Id.* In its motion to file the answer *instanter*, Respondent asserts that it inadvertently failed to file its answer to the petition on October 15, 2018. ECF 9.

For the reasons set forth below, the Court will grant Petitioner's motion for a stay and the State's motion to file its answer *instanter*.

**DISCUSSION**

I. <u>Petitioner's Motion to Stay</u>

State prisoners must give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *Id.* at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner has exhausted state remedies for his current claims, but apparently not for the new claims that he seeks to add to his petition. *See* ECF 8, PgID 55–56. To fully exhaust state remedies for the claims that Petitioner raises in his post-conviction motion, he must file applications for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court. *Wagner*, 581 F.3d at 414-15.

A court may stay a habeas petition that contains both exhausted and unexhausted claims while the petitioner exhausts the unexhausted claims. *See*

*Rhines v. Weber*, 544 U.S. 269, 278 (2005). Here, the petition consists of only unexhausted claims, but Petitioner seeks to stay the case to exhaust new claims. The Court will therefore address: (1) whether Petitioner may amend his petition to add the new claims and (2) if so, whether he is entitled to a stay of the case while he exhausts the new claims.

Regarding amendment, the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15 (a)(2). Here, Petitioner is pro se and states that he "did not know these issues existed prior to filing his habeas petition." ECF 8, PgID 57. He also filed his motion prior to any responsive pleading from Respondent. *Id.* The Court will therefore first grant Petitioner leave to amend his complaint to add the new claims.

Regarding entitlement to a stay, Petitioner must demonstrate: (1) that he has good cause for not exhausting state remedies before filing his petition; (2) that his unexhausted claims are potentially meritorious; and (3) that he is not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. If he satisfies those conditions, the Court should stay, rather than dismiss, the petition. *Id.* Petitioner alleges that he is untrained in the law and that he was unaware of the new issues before he filed his habeas petition. ECF 8, PgID 57. The new claims are not clearly meritless, and Petitioner contends that he is not intentionally delaying these proceedings. *Id.* Under the circumstances, a stay is appropriate.

II.  Respondent's Motion to File Responsive Pleading *Instanter*

On April 12, 2018, the Court ordered Respondent to file a responsive pleading to the habeas petition by October 15, 2018. ECF 5. On October 16, 2018, Respondent filed its response and a motion to file the response after the Court-imposed deadline. ECF 9, 10. The response was filed one day after the deadline and Respondent represents that the delay was the result of an unintentional administrative error. ECF 9, PgID 59. The Court may extend a deadline after the fact if "the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). When "[t]here is no indication of purposeful delay" the Court may exercise its discretion to grant a motion to respond to a habeas petition *instanter*. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). There is no indication of purposeful delay here and the Court will grant the motion. The Court admonishes Respondent, however, to comply with all future Court orders and deadlines.

**ORDER**

**WHEREFORE,** it is **ORDERED** that Petitioner's motion to stay this case and to hold his habeas petition in abeyance [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the proceedings are stayed, and the Court will hold the habeas petition in abeyance until further notice. The Clerk of the Court shall administratively **CLOSE** the case.

**IT IS FURTHER ORDERED** that, within **90 days** of exhausting state remedies for the new claims, Petitioner shall **FILE** (1) a motion to reopen the case and lift the stay and (2) an amended petition setting forth all claims that Petitioner

5

seeks to pursue. Any failure to timely file these documents will result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the State's motion to file its answer *instanter* [9] is **GRANTED**, and the answer will be treated as though it were timely filed on October 15, 2018.

**SO ORDERED**.

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2019, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager