UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER REMINGTON
LAWRENCE,

          Petitioner,

v.

GREGORY L. SKIPPER,[1]

          Respondent.

                                   /

Case No. 2:18-cv-11120

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER
## DENYING PETITION FOR HABEAS CORPUS [1]

Petitioner attended a party at his aunt's house in Detroit, Michigan on July 31, 2015. ECF 21-6, PgID 1219. When he arrived at the party, Petitioner parked in a driveway across the street. *Id.* at 1221. Petitioner testified that he was there to pick up his girlfriend, Tyler Moore. *Id.* Several of the party attendees "asked [Petitioner] to move his vehicle." *Id.* at 1264. But Petitioner "testified that he felt the people at the party were starting trouble, and he told them to fall back after they were being very hostile." *People v. Lawrence*, No. 330762, 2017 WL 2664788, at *1 (Mich. Ct. App. June 20, 2017) (quotation marks omitted). Petitioner then drove away from the location because he was "afraid." *Id.*

---

[1] The proper respondent in a habeas action is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Petitioner is presently incarcerated at the Lakeland Correctional Facility, and Bryan Morrison is the warden at that facility. ECF 16-1, PgID 753.

1

Ten minutes later, Petitioner returned to the party and again parked across the street from his aunt's house. ECF 21-6, PgID 1223. Petitioner's girlfriend and two children were in the car with him. *Id.* at 1238. Petitioner then fired multiple gunshots toward the party from approximately thirty feet away. *Id.* at 1267, 1335–36. Petitioner admitted that he did not have a license to possess a firearm. *Id.* at 1335. One of the gunshots hit a man named Daryl Chapman in the leg and shattered his femur. *Lawrence*, 2017 WL 2664788, at *1.

A jury convicted Petitioner of assault with intent to commit murder, discharge of a firearm from a motor vehicle causing physical injury, carrying a dangerous weapon with unlawful intent, carrying a concealed weapon, and possession of a firearm during the commission of a felony. ECF 16-1, PgID 754; ECF 21-7, PgID 1428. The State trial court sentenced him to eighteen to thirty years' imprisonment for the assault conviction, seven to fifteen years' imprisonment for the weapon discharge conviction, two to five years' imprisonment for each of the carrying convictions, and an additional two years' imprisonment for the felony firearm conviction. ECF 21-8, PgID 1445.

On appeal, the Michigan Court of Appeals affirmed Petitioner's convictions. *Lawrence*, 2017 WL 2664788, at *3. The Michigan Supreme Court denied leave to appeal. *People v. Lawrence*, 501 Mich. 951 (2018). Petitioner filed a habeas petition under 28 U.S.C. § 2254 in federal court, ECF 1, then moved to stay proceedings while he exhausted his State court remedies on three additional claims, ECF 8. The Court granted the motion and stayed the case. ECF 14, PgID 744.

Petitioner filed a pro se motion for relief from judgment in State court. ECF 21-9. He claimed that he was denied a fair trial when the trial court excluded a defense witness, that he was denied his rights to a properly instructed jury when the trial court failed to provide a defense of others instruction and gave an erroneous transferred intent instruction, and that he received ineffective assistance of appellate counsel. *Id.* at 1449–50. The State trial court denied the motion. ECF 21-10. Petitioner applied for leave to appeal to the Michigan Court of Appeals and was denied. ECF 21-11. Petitioner also applied for leave to appeal to the Michigan Supreme Court and was denied because he "failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508." *People v. Lawrence*, 506 Mich. 961, 950 N.W.2d 715 (2020).

Petitioner then filed an amended habeas petition, ECF 16, the Court reopened the case, ECF 17, and the parties briefed the petition, ECF 20; 22.

## LEGAL STANDARD

The Court may grant a State prisoner habeas relief only if his claims were adjudicated on the merits and the State court's adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law. 28 U.S.C. § 2254(d)(1). A State court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in our cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). The parameters of

"clearly established Federal law" are determined by United States Supreme Court precedent alone. *Parker v. Matthews*, 567 U.S. 37, 48 (2012). A State court decision is based on an unreasonable determination of the facts if it "identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of [the] case." *Williams*, 529 U.S. at 413. A State court need not cite Supreme Court cases "so long as neither the reasoning nor the result of the [S]tate[]court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

In sum, 28 U.S.C. § 2254(d)(1) "imposes a highly deferential standard for evaluating State court rulings and demands that State court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up). Federal judges "are required to afford [S]tate courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). Indeed, a habeas petitioner cannot prevail if it is within the "realm of possibility" that fair-minded jurists could find the State court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Last, a State court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut that presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is "limited to the record that was before the [S]tate court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

4

## DISCUSSION

Petitioner raised five arguments in his amended habeas petition. *See* ECF 16. The Court will address them in turn.

I. <u>Sequestration</u>

At the preliminary examination in the initial State court proceeding, defense counsel moved to sequester all witnesses during the preliminary examination. ECF 11-2, PgID 117. The trial court granted the motion. *Id.* ("Any and all witnesses testifying today, at trial or any future hearing must leave the courtroom or be denied that future testimony. Give exception to the officer in charge."). One witness then testified at the preliminary examination. *Id.* at 118.

After the preliminary examination concluded, the trial court learned that Tyler Moore had been present during the entire proceeding. *Id.* at 135. Moore claimed that she had not heard the trial court's sequestration order. *Id.* at 136–37. She also maintained that she intended to testify at trial on behalf of Petitioner. *Id.* at 136. The trial court ordered that Moore's trial testimony be excluded. *Id.* ("Well, you won't be testifying now.").

Petitioner argued that the trial court abused its discretion when it excluded Moore's testimony. ECF 16-1, PgID 756. The trial court's decision, Petitioner claimed, deprived him of his right to present a defense under the Sixth Amendment because the court did not find "any particular circumstances, such as improper intent or deceit," that justified exclusion. *Id.* at 757.

5

"Although criminal defendants must be afforded a meaningful opportunity to present a complete defense, a defendant's right to present relevant evidence is subject to reasonable restrictions." *McGowan v. Winn*, No. 17-2000, 2018 WL 1414902, at *2 (6th Cir. Mar. 21, 2018) (citations omitted). "Thus, a [S]tate may establish rules to exclude evidence from a criminal trial so long as the rules are not arbitrary or disproportionate to the purposes they are designed to serve." *Id*. Michigan law allows trial courts to exclude witnesses "so that they cannot hear the testimony of other witnesses." Mich. R. Ev. 615. And Michigan provides three remedies for when a witness violates a sequestration order: holding the offending witness in contempt, allowing cross-examination about the violation, or precluding the witness from testifying. *People v. Meconi*, 277 Mich. App. 651, 654 (2008) (quotations omitted).

Here, Petitioner failed to show that the trial court's decision to exclude Moore's testimony was an unreasonable application of, or contrary to, clearly established federal law. 28 U.S.C. § 2254(d)(1). As noted, State courts can establish rules to exclude evidence from a criminal trial as long as the rules are not "arbitrary or disproportionate to the purposes they are designed to serve." *McGowan*, 2018 WL 1414902, at *2. The trial court's decision to exclude Moore's testimony after she violated the sequestration order was one of the three remedies offered by Michigan law. *Meconi*, 277 Mich. App. at 654. And Petitioner made no argument that the application of Michigan law to exclude Moore's testimony was arbitrary or disproportionate to its purpose. *See* ECF 16-1, PgID 756–57.

6

Beyond that, the trial court's decision did not violate Petitioner's Sixth Amendment rights. The Sixth Circuit has held that a State court's refusal to allow a witness to testify for the defense because that witness violated a sequestration order does not violate a criminal defendant's constitutional rights. *Robinson v. Tennessee*, 474 F. 2d 1273, 1273 (6th Cir. 1973). Regardless, the evidence suggests that Petitioner ultimately used testimony from Moore in his defense of the case. Indeed, Petitioner attached and referred to an affidavit by Moore in his motion for relief from judgment in the State trial court. ECF 21-9, PgID 1473–74. Petitioner's argument thus fails.

In all, Petitioner failed to show that the State trial court's decision to exclude Moore's testimony was an unreasonable application of, or contrary to, clearly established federal law. He is therefore not entitled to habeas relief on that claim.

II. Jury Instructions

Petitioner argued that the trial court violated his due process rights by improperly instructing the jury. ECF 16-1, PgID 757. First, Petitioner maintained that the trial court erred by not giving the jury a defense-of-others instruction. *Id.* Second, Petitioner contended that the trial court erred by "providing a defective transferred intent instruction, which improperly suggested . . . that the requisite intent to kill had been found." *Id.* The Court will address the two arguments in turn. But the Court will first detail the standard by which it reviews claims of improper jury instructions.

7

State law instructional errors rarely justify federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Indeed, "the fact that [an] instruction was allegedly incorrect under [S]tate law is not a basis for habeas relief." *Id.* (citation omitted). To warrant habeas relief, a petitioner must show that the challenged instruction, viewed in light of the jury instructions as a whole, "so infected the entire trial that the resulting conviction violates due process." *Id.* (quotation marks and quotation omitted); *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974) ("[I]t must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some [constitutional right].") (quotation marks and quotation omitted).

To be sure, "a [S]tate court's failure to instruct on a key defense . . . may rise to the level of a due process violation where . . . the evidence amply supports the defense and the failure to give the instruction renders the trial fundamentally unfair." *Mercer v. Stewart*, 600 F. Supp. 3d 725, 758 (E.D. Mich. 2022). Indeed, Michigan courts have held that if there is sufficient evidence to support a defense-of-others instruction, failing to give that instruction constitutes a deprivation of due process. *People v. Kurr*, 253 Mich. App. 317, 327 (2002). Nonetheless, "[a State] trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas proceeding." *Miller v. Grant*, No. 93-2081, 1994 WL 102977, at *2 (6th Cir. Mar. 25, 1994) (citation omitted). No error exists if the jury instructions sufficiently protected the petitioner's rights and fairly presented the issues to the jury. *People v. Holt*, 207 Mich. App. 113, 116 (1994).

8

### A. *Defense-of-Others Instruction*

Petitioner argued that the trial court erred by not instructing the jury on the defense of defense-of-others. ECF 16-1, PgID 757. He maintained that the evidence showed he was acting to defend others during the incident and that "it is not a crime to fire out of [a] car" when acting in defense of others. *Id.* at 758.

The State trial court did not instruct the jury about defense of others when discussing the charge of assault with intent to murder; instead, the court instructed the jury about self-defense. ECF 11-6, PgID 554–56. And Petitioner did not request a defense-of-others instruction. *See id.* In denying Petitioner's motion for relief from judgment, the trial court "agree[d] that the language of defense of others should have been included" in the jury instructions. ECF 21-10, PgID 1493. But the trial court concluded that the "failure to do so did not sufficiently infringe on the rights of [Petitioner]" because "there was sufficient evidence for the jury to find that [Petitioner] was not acting in . . . defense of others." *Id.*

Viewing the jury instructions as a whole, the Court finds that the trial court's decision not to give the jury a defense-of-others instruction did not "so infect[] the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 71–72 (quotation marks and quotation omitted). Two reasons support that conclusion.

First, Petitioner did not request a defense-of-others instruction. *See* ECF 11-6. And "[a State] trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas proceeding." *Miller*, 1994 WL 102977, at *2 (citation omitted).

9

Second, even if the claim were cognizable, any error resulting from the omission of a defense-of-others instruction was harmless because the jury was not presented with sufficient evidence to conclude that Petitioner was acting in defense of others. *Kurr*, 253 Mich. App. at 327. Indeed, the evidence showed, if anything, that Petitioner acted without regard for others, including his girlfriend and children. Despite claiming that he left the party because he was "afraid" for their safety, ECF 21-6, PgID 1331, Petitioner returned ten minutes later with his girlfriend and children in the car and fired a gun out of the car window. ECF 21-10, PgID 1494; ECF 21-6, PgID 1333–34. He then drove away and did not contact the police. *Id.* at 1333; 1337. Taken together, the evidence shows that the trial court correctly determined that it was "reasonable for the jury to conclude that [Petitioner] did not act in self-defense or in the defense of others." ECF 21-10, PgID 1494. Thus, Petitioner is not entitled to habeas relief on his claim as to the trial court's failure to instruct the jury on defense-of-others.

### B. Transferred Intent Instruction

At trial, Petitioner's counsel objected to the use of the word "kill" in the assault with intent to commit murder jury instruction. ECF 21-6, PgID 1361–62 ("Your Honor, I would ask that the words accidentally killed be stricken and substituted with the words accidentally injured."). The trial court replied, "[T]he kill could stay in there for the first part because it was assault with intent to murder." *Id.* at 1362; *see also id.* at 1364 ("So intended to injure or kill one person."). Petitioner's counsel agreed. *Id.* at 1364 ("I would agree with the court's assessment. I would agree.").

10

Then, after instructing the jury on the elements of assault with intent to commit murder, the Court explained: "If [] [Petitioner] *intended to injure or kill one person* but by mistake or accident injured another person the crime is the same as if the first person had accidentally been *injured or killed*." *Id.* at 1405–06 (emphases added). On collateral review, the trial court determined that the instruction was correct because "death is a possible natural outcome of an assault with intent to murder." ECF 21-10, PgID 1495–96.

Petitioner argued that the trial court erred by "providing a defective transferred intent instruction, which improperly suggested . . . that the requisite intent to kill had been found" for the charge of assault with intent to murder. ECF 16-1, PgID 757. But the Court will not consider Petitioner's claim because the claim is procedurally defaulted.

Federal habeas relief may be precluded if a petitioner has not presented the issue to the State courts in accordance with the State's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). An issue is considered procedurally defaulted when (1) the petitioner fails to comply with a State procedural rule, (2) the rule is relied upon by the State courts, and (3) the procedural rule is "independent and adequate." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006). Habeas review of a procedurally defaulted claim is precluded unless the petitioner "can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).

Here, all three requirements are met. First, defense counsel's express approval of the transferred-intent instruction, ECF 21-6, PgID 1364, constituted a waiver of the issue under Michigan law. *See People v. Carter*, 462 Mich. 206, 215–16 (2000) (noting that if defense counsel expressly approves the trial court's proposed jury instruction, that approval constitutes a waiver that extinguishes any error). Second, the last State court to render a reasoned opinion on the issue was the trial court on collateral review, and it enforced the State procedural rule by concluding that relief was not warranted. ECF 21-10, PgID 1495–96. Third, the procedural rule in question—that an attorney's express approval of a court's procedure constitutes a waiver on appellate review—is an adequate and independent State ground because it does not rely on federal law. *McKissic v. Birkett*, 200 Fed. App'x 463, 471 (6th Cir. 2006). Accordingly, because the claim is procedurally defaulted, Petitioner's argument fails.

A State prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753. Put another way, a petitioner must present a substantial reason to excuse the default. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *Id.* at 493–94.

12

Here, Petitioner alleged ineffective assistance of trial counsel as cause to excuse the default. ECF 16-1, PgID 759. But Petitioner's argument is unavailing for three reasons. First, to the extent that Petitioner asserted that the trial court erred in instructing the jury under Michigan law, he merely alleged a violation of State law which does not justify federal habeas relief. *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) ("[A] [S]tate court's interpretation of the propriety of a jury instruction under [S]tate law does not entitle a habeas claimant to relief.") (citations omitted).

Second, Petitioner failed to establish that the transferred-intent instruction, as provided to the jury, violated his federal constitutional rights. Although the instruction deviated from Michigan's standard instruction for transferred intent in an assault, the intent to kill portion of the instruction was clearly supported by the evidence. Indeed, Petitioner fired multiple gunshots toward a group of people at close range, which resulted in one person being shot in the leg. ECF 21-6, PgID 1335–36; *Lawrence*, 2017 WL 2664788, at *1. Because an intent to kill can be reasonably inferred from Petitioner's actions, the transferred-intent jury instruction did not violate his due process rights.

And third, Petitioner cannot establish actual prejudice to excuse the procedural default because the underlying claim does not warrant relief. The State court rejected Petitioner's argument that the transferred-intent instruction resulted in manifest injustice because it included the word "kill" on collateral review. ECF 21-10, PgID 1495–96 ("When Defendant discharged a firearm in the direction of the home, the ability to kill was within the usual consequences of what occurred and

13

could be inferred from Defendant's actions. Because death is a possible natural outcome of an assault with intent to commit murder, it is not erroneous for the jury to be instructed as such.").

In all, Petitioner failed to establish cause and actual prejudice to excuse the procedural default. Thus, he is not entitled to habeas relief as to the transferred-intent jury instruction.

III.     Ineffective Assistance of Trial Counsel

Counsel's performance is ineffective under the Sixth Amendment if his or her "performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish that an attorney's deficient performance prejudiced the defense, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner shows both deficient performance and prejudice, "it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. On the whole, the standard for obtaining habeas corpus relief is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and quotation omitted). "[T]he question is not whether counsel's actions were reasonable[,]" but whether

"there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Petitioner argued that he was denied effective assistance of counsel because trial counsel (1) failed to sequester all defense witnesses during the preliminary examination, (2) failed to challenge the trial court's order barring the defense witness's testimony, and (3) failed to object to the transferred-intent instruction and request a defense-of-others instruction. ECF 16-1, PgID 759–61. The Court will address each claim in turn.

*A. Failure to Sequester Witnesses*

Petitioner asserted that trial counsel was ineffective for failing to ensure that all key defense witnesses, including Moore, were properly sequestered. *Id.* at 759. Petitioner also argued that trial counsel was ineffective for failing to challenge the trial court's decision to preclude Moore from testifying. *Id.* The State court rejected both arguments because "[d]ecisions on whether to call or question witnesses are presumed to be matters of trial strategy." ECF 21-10, PgID 1490–91. The State court "fail[ed] to see how [trial] counsel's failure to object to the preliminary examination order would have substantially affected the outcome of the trial [given that] . . . the district court was within its discretion to forbid [] Moore from testifying." *Id.*

Simply put, Petitioner has not shown that the State court's decision was an unreasonable application of, or contrary to, clearly established federal law. It is well settled that defense counsel must conduct a reasonable investigation into the facts of a defendant's case or make a reasonable determination that such investigation is

15

unnecessary. *Wiggins v. Smith*, 539 U.S. 510, 522 (2003); *Strickland*, 466 U.S. at 691. The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning [the] client's guilt or innocence." *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). That said, decisions about what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy that are left to the discretion of trial counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). And Petitioner failed to show that trial counsel's actions were not reasonable trial strategy. Petitioner contended that trial counsel should have adequately investigated Moore as a defense witness such that he would have known she was present during the preliminary examination. ECF 21-10, PgID 1490. But Petitioner failed to provide support for the allegation that trial counsel did not know Moore. *See id.* He also failed to establish that trial counsel had intended to call Moore as a witness. *See id.* Further, no evidence suggests that Petitioner was unable to present a complete defense through his own testimony. On the contrary, the evidence suggests that Petitioner ultimately used testimony from Moore in his defense of the case. *See* ECF 21-9, PgID 1473–74 (Petitioner referring to an affidavit by Moore in his motion for relief from judgment). Accordingly, Petitioner cannot establish that his trial counsel was ineffective for failing to ensure that Moore and other witnesses were properly sequestered.

Petitioner's claim that trial counsel was ineffective for failing to challenge the State court's decision to preclude Moore's testimony also fails. As discussed, the State court had discretion to exclude Moore's testimony as a remedy for violating the

16

sequestration order. *Meconi*, 277 Mich. App. at 654. Because the State court properly exercised its discretion on the matter, any motion challenging the court's ruling would have been futile. And trial counsel cannot be deemed ineffective for failing to make a futile or meritless objection or argument. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) (citation omitted). Thus, Petitioner is not entitled to habeas relief on that claim.

### B. Failure to Object to and Request Jury Instructions

Petitioner argued that trial counsel was ineffective for failing to object to the transferred-intent instruction and failing to request the defense-of-others instruction. ECF 16-1, PgID 757–58. The State court rejected Petitioner's argument on the basis that trial counsel's decision whether to request or object to a jury instruction was reasonable trial strategy. ECF 21-10, PgID 1494–96.

Simply put, neither argument has merit. The Court has already determined that the transferred-intent instruction was supported by the facts and by Michigan law. The Court has also determined that the failure to include a defense-of-others instruction did not prejudice Petitioner because the jury rejected his theory of self-defense. Accordingly, because Petitioner cannot establish that trial counsel's actions fell below the object standard of reasonableness and resulted in prejudice, he is not entitled to habeas relief on his jury instructions claim.

### IV. Right to Counsel of Choice

Petitioner argued that the trial court violated his Sixth Amendment right to hire counsel of his choice by denying his request for thirty additional days to secure

counsel. ECF 16-1, PgID 761–63. Respondent argued that the claim was procedurally defaulted because Petitioner only presented the claim to the Michigan Supreme Court in his application for leave from his direct appeal. ECF 20, PgID 947. The Court agrees.

A State prisoner seeking federal habeas relief must first exhaust his available State court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b). "[A] claim is procedurally defaulted where the petitioner failed to exhaust [S]tate court remedies, and the remedies are no longer available at the time the federal petition is filed because of a [S]tate procedural rule." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

Petitioner did not raise his counsel-of-choice claim before the Michigan Court of Appeals or the State trial court on collateral review. ECF 22, PgID 1903–04. Although Petitioner raised the claim in the Michigan Supreme Court, presenting a new claim for the first time in a State's highest court on discretionary review does not constitute fair presentation of the claim to the State courts for purposes of habeas review. *Skinner v. McLemore*, 425 Fed. App'x 491, 494 (6th Cir. 2011) (citation omitted). Petitioner has already filed one motion for relief from judgment, and no State remedy remains available. Thus, Petitioner's claim is procedurally defaulted unless he shows cause and actual prejudice or miscarriage of justice. And Petitioner made no argument as to why his default should be excused. *See* ECF 22, PgID 1903–06. Thus, the Court need not reach the prejudice issue, and Petitioner is not entitled

18

to habeas relief on his counsel-of-choice claim. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

V. <u>Ineffective Assistance of Appellate Counsel</u>

Last, Petitioner argued that his appellate counsel performed deficiently by not raising his habeas claims on direct appeal. The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). But court-appointed appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A habeas court reviewing an ineffective-assistance-of-appellate-counsel claim must defer twice: first to appellate counsel's decision not to raise an issue, and secondly, to the [S]tate court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (per curiam). The State court found that appellate counsel was not ineffective because Petitioner's claims were not meritorious and would have failed on appeal. ECF 21-10, PgID 1499.

Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel because the Court has already determined that his claims are without merit. And appellate counsel cannot be found ineffective for failing to raise a meritless issue. *Tackett*, 956 F.3d at 375. Appellate counsel was therefore not ineffective in handling the direct appeal.

To appeal the Court's decision, Petitioner must obtain a certificate of appealability, which requires him to make "a substantial showing of the denial of a

19

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal *in forma pauperis* because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the amended habeas petition [16] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 30, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2023, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

20